**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| VICTOR CAMPOS,<br>*on behalf of himself,*<br>*FLSA Collective Plaintiffs*<br>*and the Class,* | Case No: |
| Plaintiff, | **CLASS AND**<br>**COLLECTIVE** |
| v. | **ACTION COMPLAINT** |
| ENTERPRISE RESTAURANT LLC<br>    d/b/a AMARANTH,<br>and JEAN FRANCOIS MARCHAND, | **Jury Trial Demanded** |
| Defendants. | |

---

Plaintiff VICTOR CAMPOS ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby file this Class and Collective Action Complaint against ENTERPRISE RESTAURANT LLC d/b/a AMARANTH, ("Corporate Defendant") and JEAN FRANCOIS MARCHAND ("Individual Defendant," and together with the Corporate Defendant, "Defendants") and states as follows:

1

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, (2) unpaid overtime, (3) unpaid wages due to invalid tip credit, (4) liquidated damages, and (5) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, (2) unpaid overtime, (3) unpaid wages due to invalid tip credit, (4) unpaid spread of hours, (5) statutory penalties, (6) liquidated damages, and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5.      Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

6.      Plaintiff VICTOR CAMPOS, is a resident of Queens County, New York.

7.      Defendants own and operate a restaurant under the trade name "AMARANTH" located at 21 E 62nd St., New York, NY 10065 (the "Restaurant").

8.      Corporate Defendant ENTERPRISE RESTAURANT LLC, is a domestic business corporation organized under the laws of the State of New York with an address for service of process and a principal place of business located at 21 E 62nd St., New York, NY 10065. Defendants operate the Restaurant through Corporate Defendant.

9.      Individual Defendant JEAN FRANCOIS MARCHAND is the principal of the Corporate Defendant ENTERPRISE RESTAURANT LLC. Defendant JEAN FRANCOIS MARCHAND exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Defendant JEAN FRANCOIS MARCHAND frequently visits the Restaurant. Defendant exercises—and also delegates to managers and supervisors—the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment, including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all relevant times, employees of the Restaurant could complain to Defendant JEAN FRANCOIS MARCHAND directly regarding any of the terms of their employment, and Defendant JEAN FRANCOIS MARCHAND would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Defendant JEAN FRANCOIS MARCHAND had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class Members and could reprimand employees.

10.     At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by Defendants.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

12.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees (including but not limited to waiters, runners, busboys, bartenders, food preparers, porters, line-cooks, cooks, chefs, dishwashers among others) employed by Defendants on or after the date that is six (6) years

before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper overtime premium at one and a half times the regular rate for all hours worked over forty (40) in a workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all current and former non-exempt employees (including but not limited to waiters, runners, busboys, bartenders, food preparers, porters, line-cooks, cooks, chefs, dishwashers among others) employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

16.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For

purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP 23.

17.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees comprised of amongst others, servers, runners, busboys, and bartenders ("Tipped Subclass") who also number more than forty (40). Plaintiff, VICTOR CAMPOS, is a member of both the Class and the Tipped Subclass.

18.     Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class Members were subject to the same Defendants' corporate practices of (i) failing to pay proper compensation for all hours worked, (ii) failure to pay proper overtime, (iii) failing to pay proper wages due to invalid tip credit, (iv) failing to provide Class Members with proper wage statements with every payment of wages, and (v) failing to properly provide wage notices to Class Members, at date of hiring and annually, per requirements of the NYLL.

19.     Defendant was not entitled to claim tip credit allowance under the NYLL, because Defendant (i) failed to properly provide tip credit notice to tipped employees that Defendant were taking a tip credit, (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek, (iii) implemented an invalid tip-pooling scheme not agreed upon by tipped employees,

whereby Plaintiff and Tipped Subclass Members were required to share tips earned with non-tipped employees, (iv) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period, and (v) failed to accurately keep track of daily tips earned and maintain records thereof.

20.     Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

21.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented Plaintiffs in wage and hour cases.

22.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of the wage and hour litigation where individual Class Members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great

expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23.     Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

24.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class Members, including:

a)  Whether Defendants employed Plaintiff and the Class Members within the meaning of the New York law;

b)  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and Class Members;

c)  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class Members for their work;

d)   Whether Defendants properly notified Plaintiff and Class Members of their regular hourly rate and overtime rate;

e)   Whether Defendants properly compensated Plaintiff and Class Members for all hours worked, including overtime hours;

f)   Whether Defendants paid Plaintiff and Class Members overtime premium at one and one half times their straight time base hourly rates for all hours worked in excess of forty (40) each workweek;

g)   Whether Defendants provided proper notice to Plaintiff and the Tipped Subclass that Defendants were taking a tip credit;

h)   Whether Defendants provided proper wage statements informing Plaintiff and the Tipped Subclass of the amount of tip credit taken for each payment period and other information required to be provided on wage statements;

i)   Whether Defendants included proper employees in the tip pool for Plaintiff and the Tipped Subclass Members under the NYLL;

j)   Whether Defendants paid the spread of hours premium owed to employees working more than ten (10) hours per day as required by the NYLL;

k)   Whether Defendants provided to Plaintiff and Class Members annual wage notices, as required under the NYLL; and

l)   Whether Defendants provided to Plaintiff and Class Members proper wage statements with each payment of wages as required by NYLL.

**<u>STATEMENT OF FACTS</u>**

*25.*     In or around August 2019, Plaintiff VICTOR CAMPOS was hired by Defendants to work as a busboy for Defendants' at Restaurant located at 21 E 62nd St., New York, NY 10065. Plaintiff was employed by Defendants until in or around January 30, 2020.

26.     Throughout Plaintiff's employment with Defendants, Plaintiff regularly worked over forty (40) hours. Specifically, Plaintiff worked five (5) days per week from 10:30 a.m. until 11:00p.m., for a total of sixty-two and a half (62.5) hours per week.

27.     Throughout Plaintiff's employment with Defendants, Plaintiff regularly worked over forty (40) hours per week, however, Plaintiff was not compensated his overtime premium for hours worked over forty (40). Similarly, FLSA Collective Plaintiffs and Class Members also worked similar hours that regularly exceeded forty (40) hours over week and were similarly paid at a straight time rate for their overtime hours.

28.     Throughout Plaintiff's employment with Defendants, Plaintiff was compensated at a straight time rate of $10.00 per hour.

29.     During Plaintiff's employment by Defendants, Defendants compensated Plaintiff at a "tip credit" minimum wage, which was at all relevant times below the New York State minimum wages. Similarly, Tipped Subclass Members were paid at sub-minimum wage "tip credit" base hourly rates. However, because Defendants failed to fulfill all requirements for a tip credit, all tip credits taken were invalid.

30.     With regards to Plaintiff, FLSA Collective Plaintiffs and the Tipped Subclass were paid below the minimum wage at an invalid "tip credit" minimum wage. With respect to Plaintiff, FLSA Collective Plaintiffs and the Tipped Subclass, Defendants were not entitled to claim any tip credit allowance under the FLSA or NYLL because Defendants (i) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for twenty percent

(20%) or more of his workday, and (ii) failed to have a valid pool arrangement, which improperly included the Matrie'd.

31.    Plaintiff and Tipped Subclass Members were required to spend more than 20% of their working time, or more than two (2) hours per shift engaged in non-tipped activities. Specifically, Plaintiff, FLSA Collective Plaintiffs, and Tipped Subclass Members were required to sweep, mop, accept and unload incoming deliveries, stock basement, move furniture, polish all glassware and silverware, and sweep sidewalk, for more than 20% of their working time, or more than two (2) hours per shift.

32.    Plaintiff and Tipped Subclass Members were required by Defendants to participate in an invalid "tip pooling" scheme. Plaintiff and Tipped Subclass Members never agreed to their individual tip allocation percentage, which was assigned by management without the mutual consent of tipped employees. Rather, Plaintiff and Tipped Subclass Members were required to follow the tip payment structure instituted by Defendants. Under Defendants' scheme, "Matrie'd" who were not tipped employees took from the tip pool.

33.    Plaintiff and Tipped Subclass Members did not receive notice that Defendants were claiming a tip credit on tipped employees' compensation.  They were never informed that Defendants were claiming a tip credit allowance.

34.    Throughout Plaintiff's employment with Defendants, Plaintiff regularly worked over ten (10) hours per day. Similarly, FLSA Collective Plaintiffs and Class Members similarly worked over ten (10) hours per workday.

35.    Defendants never provided Plaintiff with wage notices, as required by the NYLL. Similarly, FLSA Collective Plaintiffs and Class Members were never provided with any wage notices.

36.    Defendants did not provide Plaintiff with proper wage statements at all relevant times. Class Members also received defective wage statements that did not comply with the NYLL.

37.    At no time during the relevant time periods did Defendants provide Plaintiff or Tipped Subclass Class Members with wage notices or proper wage statements as required by NYLL. Defendants also failed to disclose the hourly rate of tip credit taken, or the amount of tip credit claimed in each pay period on the wage statements provided to Tipped Subclass Members.

38.    Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class Members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

39.    Plaintiff realleges and reavers Paragraphs 1 through 38 of this Class and Collective Action Complaint as if fully set forth herein.

40.    At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

41.    At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

42.    At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

43.     At all relevant times, Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked.

44.     At all relevant times, the Defendants had a policy and practice that failed to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for all hours worked in excess of forty (40) hours per workweek.

45.     Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

46.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

47.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked when Defendants knew or should have known such was due.

48.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

49.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

50.    Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, unpaid overtime, unpaid wages from invalid tip credit, and an equal amount as liquidated damages.

51.    Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

52.    Plaintiff realleges and reavers Paragraphs 1 through 51 of this Class and Collective Action Complaint as if fully set forth herein.

53.    At all relevant times, Plaintiff and Class Members were employed by the Defendants within the meaning of the NYLL, §§2 and 651.

54.    Defendants willfully violated the rights of Plaintiff and Class Members by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

55.    Defendants failed to properly notify employees of their overtime rate, in direct violation of the NYLL.

56.    Defendants willfully violated Plaintiff and Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.  As factually described above, Defendants were not entitled to claim any tip credits under NYLL with respect to the Tipped Subclass.

57.    Defendants unlawfully misappropriated tips from Plaintiff and the Tipped Subclass by implementing and mandating a tip-pooling scheme without the consent and approval of Plaintiff and the Tipped Subclass, whereby non-tipped employees were permitted to take from the tip pool.

58.     Defendants willfully violated Plaintiff and Class Members' rights by failing to pay them spread of hours premiums required by state law.

59.     Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually, to all non-exempt employees per requirements of the NYLL.

60.     Defendants failed to provide proper wage statements with correct payment as required by NYLL § 195(3).

61.     Due to the Defendants' NYLL violations, Plaintiff and Class Members are entitled to recover from Defendants their unpaid wages, unpaid overtime wages, unpaid wages resulting from an invalid tip credit, unpaid spread of hours premium, reasonable attorneys' fees, liquidated damages, statutory penalties, and costs and disbursements of the action, pursuant to NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class Members, respectfully request that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid compensation due under the FLSA and NYLL;

d.  An award of unpaid overtime wages due under the FLSA and the NYLL, including those due to an invalid tip credit;

e.  An award of unpaid spread of hours premium due under the NYLL;

f.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages and compensation for all hours worked, pursuant to 29 U.S.C. § 216;

g.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages and compensation for all hours of work, pursuant to the NYLL;

h.  An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i.  Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs;

j.  Designation of this action as a class action pursuant to FRCP 23;

k.  Designation of Plaintiff as Representatives of the Class; and

l.  Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand trial by jury on all issues so triable as of right by jury.

Dated: November 23, 2020

Respectfully submitted,
By: ___*/s/ C.K. Lee*_____
        C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*

*FLSA Collective Plaintiff and the Class*